IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILLY MILES,

        Plaintiff,

v.                                                    Case No. 23-cv-3571-NJR

STATE OF ILLINOIS,
PINCKNEYVILLE CORRECTIONAL
CENTER, PERRY COUNTY, ILLINOIS,
WEXFORD HEALTHCARE NURSES,
DR. PEARCY MYERS, S. BROWN, C.
HALE, DAVID W. MITCHELL, DEBBIE
KNAUER, ROB JEFFREYS,

        Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center.[1] In his Complaint, Miles alleged that he never received a second

---

[1] This case is one of 13 that the Court received from Miles. For ease of comprehension as the Court manages these cases, and any potential future cases, the cases have been assigned basic numeral identifiers as follows: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("*Miles 1*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("*Miles 2*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("*Miles 3*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles 4*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles 5*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("*Miles 6*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles 7*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("*Miles 8*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles 9*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles 10*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles 11*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3579-NJR ("*Miles 12*"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("*Miles 13*").

shingles vaccination upon his arrival at Pinckneyville. His Complaint was dismissed for failure to state a claim because he failed to identify any individual who was deliberately indifferent to his need for vaccination (Doc. 11). In his First Amended Complaint, Miles again alleges that staff at Pinckneyville failed to give him a second dose of the shingles vaccine (Doc. 17).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

In the First Amended Complaint, Miles makes the following allegations: On October 22, 2021, while at Jacksonville Correctional Center, Miles received the first dose of a two-shot dose vaccination for shingles (Doc. 17, p. 8). The nurse who administered the shot informed Miles that he would receive his second dose on November 22, 2021 (*Id*.). But prior to his scheduled vaccination, Miles was placed in segregation and then transferred to Pinckneyville. Upon his arrival at Pinckneyville on November 1, 2021, and through December 14, 2021, Miles submitted sick call requests for his second dose of the shingles vaccine (*Id*.). He also alleges that he spoke with nurses at Pinckneyville about his need for the second dose of the vaccine (*Id*. at pp. 8-9). He alleges that the nurses refused to provide him the second dose (*Id*. at p. 9). Miles also alleges that Dr. Pearcy Myers failed

2

to conduct a medical screening while Miles was at Pinckneyville (*Id.*). Miles wrote a grievance about his need for a second dose of the shingles vaccine, but the grievance was denied by counselor S. Brown, grievance officer C. Hale, warden David. W. Mitchell, Administrative Review Board member Debbie Knauer, and director Rob Jeffreys.

## Preliminary Dismissals

To the extent that Miles identifies the State of Illinois, Perry County, and Pinckneyville Correctional Center as potential defendants, Miles fails to state a claim. Neither the State of Illinois nor Pinckneyville Correctional Center can be liable because neither entity is considered a "person" within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state "Department of Corrections is immune from suit by virtue of Eleventh Amendment"). Miles also identifies Perry County as a defendant but fails to include any allegations involving the county. It appears he merely lists the county as the location of the prison. Thus, the claims against the State of Illinois, Pinckneyville Correctional Center, and Perry County are **DISMISSED**.

Miles also identifies grievance officials, who he alleges failed to remedy the situation with his medical care, but these officials cannot be liable for simply responding to or denying his grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus, Miles fails to

state a claim against S. Brown, C. Hale, David Mitchell, Debbie Knauer, and director Rob Jeffreys.

<u>Discussion</u>

Based on the allegations in the First Amended Complaint, the Court designates the following count:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Dr. Myers and unknown nurses at Pinckneyville for failing to administer the second dose of Miles's shingles vaccine.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

Simply put, Miles again fails to state a claim. Miles once again alleges that he was unable to obtain the second dose of his shingles vaccine after transferring to Pinckneyville. But he fails to allege that any of the defendants acted with deliberate indifference. To state a claim for deliberate indifference, a plaintiff must allege that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). *See also Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Deliberate indifference

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

involves intentional or reckless conduct, not mere medical negligence or malpractice. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

In order to be deliberately indifferent to a medical need, a defendant must have actually known about a plaintiff's condition. There are simply no allegations in the amended pleading to suggest that Dr. Myers was aware of Miles's need for his second dose of the shingles vaccine. Miles merely alleges that Dr. Myers failed to perform a medical screening, but there are no allegations to allege that Dr. Myers was aware of Miles's vaccination schedule. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about [Plaintiff's] condition, not whether a reasonable official should have known").

Miles also alleges that he wrote and/or spoke to "Wexford Healthcare nurses" about his need for a vaccination (Doc. 17, p. 8). But he only refers to "nurses" generically, without any indication of the number of nurses he spoke to, or the dates and times when he spoke with these healthcare workers. The claim against unknown nurses is too generic to survive threshold review.

Even if Miles had identified a specific nurse that he spoke to, there are no allegations to suggest deliberate indifference on the part of any healthcare worker. In fact, Miles's grievance response makes clear that healthcare staff were not initially aware of Miles's vaccination schedule when he first arrived at Pinckneyville (Doc. 17, p. 19). He was ultimately placed on the call list and informed that the prison pharmacy was attempting to obtain doses of the shingles vaccine (*Id.*). Miles was informed that he would

receive the second dose upon receipt of the vaccine and that he was still within the appropriate timeframe for receiving the second dose (*Id*.). Thus, the allegations do not suggest that any nurse or doctor acted with deliberate indifference to Miles's need for a second dose of the shingles vaccine and accordingly fail to allege a violation of the Eighth Amendment.

Miles also cites numerous statutes, stating that he qualifies as a disabled individual under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), suffers from a serious mental illness, and is protected by the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (Doc. 17, p. 10). But Miles fails to offer any allegations to suggest a violation of any of these statutes.

For these reasons, Miles again fails to state a claim. This is Miles's second attempt to state a viable claim, and he has been unable to do so. The Court finds that a further amendment would be futile. The First Amended Complaint is, thus, **DISMISSED with prejudice**. Miles's motion for counsel (Doc. 15) is **DENIED as moot**.

## <u>Disposition</u>

For the reasons stated above, Miles's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Miles's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Miles is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Miles wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Miles does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Miles may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 27, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**